**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**GENEVA LEGRONE**                                                                              **PLAINTIFF**

**VS.**                                                          **CIVIL ACTION NO.** ___5:20-cv-130-DCB-MTP___

**STEPHEN JULIAN, INDIVIDUALLY;
ARTURO WILLIAMS, INDIVIDUALLY;
SHAWN GILLIS, INDIVIDIUALLY;
DAVE BURKEBILE, INDIVIDUALLY;
ANNYCE INGRAM, INDIVIDUALLY;
JEREMY BRYANT, INDIVIDUALLY; AND
IESHA NORMAN, INDIVIDUALLY**                                           **DEFENDANTS**

## NOTICE OF REMOVAL

TO:    THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
       DISTRICT OF MISSISSIPPI, WESTERN DIVISION

       Adams County Circuit Clerk Eva Givens
       314 State Street
       Natchez, MS 39120
       ADAMS COUNTY CIRCUIT CLERK

       Louis H. Watson, Jr.
       Nick Norris
       Watson & Norris, PLLC
       1880 Lakeland Drive, Suite G
       Jackson, MS 39216-4972
       ATTORNEYS FOR PLAINTIFF GENEVA LEGRONE

In accordance with 28 U.S.C. §§ 1331, 1441, and 1446(b), you are hereby notified that

Defendant Iesha Norman has removed the action entitled *Geneva Legrone v. Stephen Julian,*

*individually; Arturo Williams, individually; Shawn Gillis, individually; Dave Burkebile,*

*individually; Annyce Ingram, individually; Jeremy Bryant, individually; and Iesha Norman,*

*individually*, from the Circuit Court of Adams County, Mississippi, Cause No. 19-KV-0064-S

(the "State Court Action"), to the United States District Court for the Southern District of Mississippi, Western Division.

Pursuant to said removal, the Circuit Court of Adams County, Mississippi, should proceed no further with this matter pursuant to 28 U.S.C. § 1441 *et seq.*

Defendant, appearing specially and for the sole and only purpose of effecting removal to this Court, states the following as grounds for removal:

1.     Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) and § 1446(a) because the State Court Action is pending in a court embraced by this district and division.

2.     Removal is timely, pursuant to 28 U.S.C. § 1446(b)(1), as Defendant files and presents this Notice of Removal within thirty (30) days after receipt by her, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief.

3.     All other Defendants who have been properly joined and served consent to the removal of this action, as required by 28 U.S.C. § 1446(b)(2)(C).[1]

4.     Copies of all process, pleadings and orders served upon the Defendant in this action are attached hereto as Exhibit A, as required by 28 U.S.C. § 1446(a).

5.     On or about January 17, 2020, Plaintiff Geneva Legrone ("Plaintiff"), a former employee of the Adams County Correctional Center ("ACCC"), filed her First Amended Complaint (the "Complaint") in the Circuit Court of Adams County, Mississippi, under Cause No. 19-KV-0064-S for actions/inactions related to her employment.  *See* Compl. (Ex. A). Removal is proper based on federal question jurisdiction under 28 U.S.C. § 1331.

---

[1]     The undersigned counsel represents all Defendants in this action, except Defendant Jeremy Bryant. Defense counsel has made good faith efforts to contact Mr. Bryant via email and cellular phone to confirm whether he is represented and whether he has been served; to date, Mr. Bryant has not responded. As of the date of this filing, the docket in the State Court Action does not reflect that Mr. Bryant has been served. Therefore, upon information and belief, Mr. Bryant has not yet been served. Otherwise, all remaining Defendants (whether served or unserved to date) consent to this removal.

6.      As an initial matter, Plaintiff's Complaint demands remedies that are only available under federal employment laws and are not available under Mississippi common law. Indeed, the first several types of remedies she seeks make this clear: "back wages," "future wages," "tax gross-up and all wage related benefits," "lost benefits," and "compensatory wages":

## PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1.    Back wages;
2.    Future wages;
3.    Tax gross-up and all wage related benefits;
4.    Lost benefits;
5.    Compensatory wages;

*See* Compl. (Ex. A) at 10. These remedies are available under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, but they are not available under Mississippi common law. *See* 42 USC 2000e-5(g); *Bogan v. MTD Consumer Grp., Inc.,* 919 F.3d 332, 335 (5th Cir. 2019) ("front pay [i.e., another name for "future wages"] [is an] equitable remed[y]" available under Title VII).

7.      Title VII prohibits discrimination for **retaliation** (as asserted in the Complaint), among other things. *See* Compl. (Ex. A) at ¶¶ 30, 36, 50. Because Plaintiff has requested a remedy available only under federal law, Plaintiff's Complaint states a claim "arising under the … laws … of the United States," which is properly removed to this Court based upon federal question jurisdiction because it could have been filed originally in this Court under 28 U.S.C. § 1331. *See also Medina v. Ramsey Steel Company, Inc.*, 238 F.3d 674, 680 (5th Cir. 2001)

(plaintiff seeking "damages … authorized only by federal law" make it "clear that [Plaintiff] is not proceeding on the exclusive basis of state law").

8.       Additionally, and alternatively, Defendant pleads as separate grounds for federal question jurisdiction the fact that Plaintiff has alleged a Title VII retaliation claim for rebuffing romantic overtures based on her sex, which is also protected by Title VII. *See, i.e.*, *E.E.O.C. v. IPS Ind., Inc.*, 899 F. Supp.2d 507 (N.D. Miss. 2012) (Title VII claim based on supervisor's sexual harassment including unwanted physical advances); *Alexander v. City of Jackson, Miss.*, No. 3:04-cv-614-HTW-LRA, 2011 WL 1059293, at *8 (S.D. Miss. March 21, 2011) ("A protected activity may also include rejecting the unwanted sexual advances or sexual harassment of a co-worker or supervisor."). Plaintiff alleges that it is "noteworthy" that Defendant Burkebile, the former warden at ACCC, "retaliate[ed]" against her for "declin[ing] Defendant Burkebile's [romantic] advances," specifically alleging that "he clearly felt rebuffed and … ***retaliate[d] against her*** by blocking her path back to justifiable ***reinstatement***.").[2] Compl. (Ex. A) at ¶ 50 (emphasis added).

9.       To be sure, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 3, 2019, swearing under penalty of perjury that she "believe[s] [she has] been ***retaliated against*** in violation of Title VII of the Civil Rights Act of 1964, as amended." *See* sworn EEOC Charge of Discrimination, *attached as* Exhibit B at 1-2 (emphasis added).

---

[2]     "Reinstatement [is an] equitable remed[y]" available under Title VII. *Bogan v. MTD Consumer Grp., Inc.*, 919 F.3d 332, 335 (5th Cir. 2019).

10.     Mississippi law does not recognize a claim for "retaliation."[3] Because Plaintiff's retaliation allegations can only amount to a Title VII retaliatory discharge claim, removal is proper based on federal question jurisdiction.

11.     Additionally, or alternatively, Defendant pleads as separate grounds for federal question jurisdiction the fact that Plaintiff alleges the denial of "due process," which implicates the United States Constitution.  *See* Compl. (Ex. A) at ¶ 35 (alleging "Plaintiff was not allowed due process" regarding her employment).

12.     Based on the above, this suit is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331 (federal question), and this civil action may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

13.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of the rights of Defendant or consenting Defendants to assert any defenses available to them, including but not limited to: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) failure to join an indispensable party(ies); or (8) any other pertinent defense available under Miss. R. Civ. P. 12 or Fed. R. Civ. P. 12, any state or federal rule, statute, or otherwise.

14.     Defendant specifically files this Notice of Removal subject to, and hereby incorporates herein, its Answer and Affirmative Defenses to the Complaint, which will be filed upon assignment of a civil action number by this Court.

---

[3]     Mississippi only recognizes limited exceptions to the employment-at-will doctrine. *McArn v. Allied Bruce-Terminix Co. Inc.*, 626 So.2d 603 (Miss. 1993).

15.     Simultaneously with the filing of this Notice of Removal, Defendant is giving the Plaintiff written notice of the removal of this action and is filing a copy of this Notice of Removal with the clerk of the Circuit Court of Adams County, Mississippi, as required under 28 U.S.C. § 1446(d).

WHEREFORE, PREMISES CONSIDERED, Defendant Iesha Norman hereby removes this action from the Circuit Court of Adams County, Mississippi, to the United States District Court for the Southern District of Mississippi, Western Division, and hereby give notice to the Circuit Court of Adams County, Mississippi that it may proceed no further with respect to this cause.

THIS the 6th day of May, 2020.

DEFENDANT IESHA NORMAN

Removal consented to by:
DEFENDANTS STEPHEN JULIAN, ARTURO WILLIAMS, SHAWN GILLIS, DAVE BURKEBILE, AND ANNYCE INGRAM

*/s/ Anna Little Morris*
Timothy M. Threadgill, MB No. 8886
Lemuel E. Montgomery III, MB No. 100686
Anna Little Morris, MB No. 105299
Butler Snow LLP
1020 Highland Colony Parkway, Suite 1400
Post Office Box 6010 (39158-6010)
Ridgeland, MS 39157
Tim.Threadgill@ButlerSnow.com
Lem.Montgomery@ButlerSnow.com
Anna.Morris@ButlerSnow.com
Phone: 601-985-4487
Fax: 601-985-4500

ATTORNEYS FOR DEFENDANTS IESHA NORMAN, STEPHEN JULIAN, ARTURO WILLIAMS, SHAWN GILLIS, DAVE BURKEBILE, AND ANNYCE INGRAM

## CERTIFICATE OF SERVICE

I, Anna Little Morris, one of the attorneys for Defendants Iesha Norman, Stephen Julian, Arturo Williams, Shawn Gillis, Dave Burkebile, and Annyce Ingram do hereby certify that I have this day served a true and correct copy of the above and foregoing **Notice of Removal** by mailing same via United States Mail with postage fully prepaid thereon to the following participants:

Adams County Circuit Clerk Eva Givens
314 State Street
Natchez, MS 39120
*Adams County Circuit Clerk*

Louis H. Watson, Jr.
Nick Norris
Watson & Norris, PLLC
1880 Lakeland Drive, Suite G
Jackson, MS 39216-4972
*Attorneys for Plaintiff Geneva Legrone*

SO CERTIFIED, this the 6th day of May, 2020.

/s/ Anna Little Morris
Anna Little Morris

52882450.v2

- 7 -